School District Annexation — Taxes The ad valorem tax rate for me annexing school district is me rate for all of the school districts after such annexation if the annexation is effective after the election on school district tax levies and before me tax levies of me ensuing year have made and certified under me provisions of 68 O.S. 2425 [68-2425](a) (1968). The Attorney General is in receipt of your letter of December 19, 1968, wherein you state: "The Lone Elm School District No. 17, voluntarily annexed to the Claremore School District, effective July 1, 1968. "The County Tax Assessor has assessed the Citizens of the former Lone Elm School District at the rate applicable for the Claremore School District for the year 1968." And in connection with the above stated facts you, in effect, ask the following two questions: 1. Is the ad valorem tax rate for the property owners of the former Lone Elm School District for the fiscal year 1968-69, the same as the rate for the Claremore School District? 2. If you find the county tax assessor has made a mistake what procedure should be followed by such assessor to correct his mistake? Your attention is directed to 68 O.S. 2425 [68-2425](a) (1968), which provides: "(a) All property, both real and personal, having an actual, constructive or taxable situs in this State, shall, except as hereinafter provided, be listed and assessed and taxable in the county, school districts, and municipal subdivision thereof, where actually located on the first day of January of each year. . . ." Title 70 O.S. 7-4 [70-7-4](d) (1961), provides as follows: "(d) If any mandatory or voluntary annexation made under the provisions of this Article shall occur after the election on school district levies for the ensuing fiscal year and before the tax levies of the ensuing year have been made and certified the operating and building levies authorized for the annexing district shall be the levies for all the said district after such annexation. . . ." Section 68 O.S. 2425 [68-2425](a), supra, deals with the place of listing and assessment of all real and personal property and has nothing whatsoever to do with the levy upon the assessed valuation of such property. Section 74(d), supra, on the other hand, specifically provides for tax levies for the ensuing fiscal year after an annexation of one school district to another, such as occurred in your statement of facts. Under the provisions of 70 O.S. 4-40 [70-4-40] (1961), elections for school levies are held on the fourth Tuesday of March of each year in all school districts of Oklahoma. The tax levies for each school district are made and certified by the Excise Board subsequent to the first Monday of July of every year, as provided by 68 O.S. 2486 [68-2486] (1968), et seq. Therefore, when an annexation of one school district to another occurs, effective July l, such annexation is after the election on school district levies and before the tax levies have been made and certified for the ensuing year. It is, therefore, the opinion of the Attorney General that your first question be answered in the affirmative. The ad valorem tax rate for the annexing school district is the rate for all of the school districts after such annexation if the annexation is effective after the election on school district tax levies and before the tax levies of the ensuing year have been made and certified. The ad valorem tax rate for the property owners of the former Lone Elm School District for the fiscal year 1968-69 is the same as the rate for the Claremore School District, the annexing district. The answer to your first question makes it unnecessary to answer your second question. (W. J. Monroe)